UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for
Hillcrest Bank Florida,

    Plaintiff,

v.                              Case No: 2:13-cv-752-FtM-29DNF

JOEL S. BAYER, IRWIN J.
BLITT, JACK N. FINGERSH, and
RONALD R. RUCKER,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on review of Defendant Ronald R. Rucker's Motion to Dismiss (Doc. #16) filed on January 3, 2014, and Defendants Joel Bayer, Irwin Blitt, and Jack Fingersh's Motion to Dismiss Plaintiff's Joint and Several Liability Claims (Doc. #18) filed on January 6, 2014. Plaintiff filed an Opposition to Defendant Ronald R. Rucker's Motion to Dismiss (Doc. #29) and an Opposition to Defendants Joel Bayer, Irwin Blitt, and Jack Fingersh's Motion to Dismiss Plaintiff's Joint and Several Liability Claims (Doc. #30) on February 7, 2014. Defendants Joel Bayer, Irwin Blitt, and Jack Fingersh filed a Reply in Support of their Motion to Dismiss (Doc. #39) on March 11, 2014,

and Defendant Ronald R. Rucker filed a Reply (Doc. #52) on March 27, 2014.

**I.**

This action arises out of the failure of Hillcrest Bank Florida, Naples, Florida (Hillcrest), which was closed by the Florida Office of Financial Regulations (FOFR) on October 23, 2009. The FOFR appointed the Federal Deposit Insurance Corporation (FDIC or plaintiff) as the receiver for Hillcrest. As the receiver, the FDIC succeeded to all rights, titles, and privileges of the bank and its depositors, account holders, and stockholders, including the right pursue claims against the bank's former directors and officers. During the applicable time period, defendants Joel L. Bayer (Bayer), Irwin J. Blitt (Blitt), and Jack N. Fingersh (Fingersh) were directors and defendant Ronald L. Rucker (Rucker) was President, Chief Executive Officer, and a director for Hillcrest.

The FDIC filed a two-count complaint against defendants on October 22, 2013, seeking compensatory and consequential damages caused by defendants' negligence and gross negligence in approving nine loan transactions. In Count I, the FDIC asserts a claim for negligence under Florida law against Rucker only. Count II sets forth a claim against all defendants for gross negligence under the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA), 12 U.S.C. § 1821(k).

2

Plaintiff's claims are premised on defendants' failure to adhere to safe banking practices in approving nine speculative and high risk commercial real estate transactions. The transactions were approved by defendants from August 17, 2006, through June 11, 2008. The FDIC has identified the nine loans, including the borrower, the loan amount, the approval date, the estimated amount of damages, the alleged deficiencies with each transaction, and the identity of the board members who approved the transaction, in a chart attached to the Complaint. (Doc. #1-1.)

The FDIC alleges that defendants acted in conscious disregard of the best interest of Hillcrest, and in a manner in which a reasonably prudent person would have known, or should have known, that an injury was likely to occur. The alleged underwriting and approval deficiencies with respect to the nine transactions which adversely affected Hillcrest include, but are not limited to:

> (1) failure to obtain, analyze, and evaluate historical borrower and guarantor financial information required to assess the creditworthiness of the borrower and guarantor as well as their respective ability to service debt and complete the projects; (2) engaging in transactions with borrowers and/or guarantors who had not demonstrated sufficient liquidity to service debt; (3) failure to evaluate collateral and other sources of repayment; (4) failure to adhere to the Bank's loan to value ratio limits; (5) turning a blind eye to glaring deficiencies in transaction presentation information; (6) failure to evaluate properly the underlying real estate, to consider issues raised in appraisals, or to obtain adequate appraisals; (7) engaging in transactions outside of the Bank's geographic business territory; (8) imprudently relying on interest reserves, speculative profits from undeveloped real estate projects, and real

estate collateral in a declining real estate market; and (9) approval of transactions without obtaining the requite votes.

(Doc. #1, ¶ 5.)

Rucker moves for dismissal of Count I on the grounds that he is entitled to the statutory protections of Fla. Stat. § 607.0381 because the allegations are based on actions he took in his capacity as a director, not an officer.  Bayer, Blitt, and Fingersh assert that they should be dismissed from Count I to the extent that plaintiff attempts therein to hold them jointly and severally liable for the alleged negligence of Rucker, and all defendants request that the Court strike the allegations of joint and several liability in Count II because the doctrine has been abolished in Florida.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555.  See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  This requires

4

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

In Count I of the Complaint, plaintiff alleges that Rucker, "as an officer of the bank," owed duties which he breached by failing to inform himself about the risks of the transactions; failing to engage in meaningful deliberation and exercise

independent judgment in connection with his review and approval of the transactions; approving transactions with terms that were contrary to and/or inconsistent with Hillcrest's internal credit policy and prudent lending standards; failing to ensure that the transactions he approved were underwritten in a safe and sound manner; failing to ensure that the transactions were secured by collateral of sufficient value; and failing to ensure that the transactions did not violate applicable banking rules and regulations. (Doc. #1, ¶ 72.)

Rucker argues that Count I should be dismissed because he is protected from liability for ordinary negligence under Florida's business judgment rule, Fla. Stat. § 607.0381. Florida's business judgment rule provides that a director is not personally liable for monetary damages to the corporation for any action or inaction taken during the execution of his or her duties as a director unless the director violates one of the five provisions set forth in Fla. Stat. § 607.0831(1)(b). The provision relevant to this matter provides that a director will be liable to the corporation if the breach of, or failure to perform, his or her duties as a director constitutes a "conscious disregard for the best interest of the corporation, or wilful misconduct." Fla. Stat. § 607.0831(1)(b)(4). Such conduct would clearly rise above the level of ordinary negligence alleged in Count I.

6

Plaintiff alleges that the bank's Executive Loan Committee (ELC) was required to approve each of the nine transactions at issue in this case because the transactions exceeded $250,000 in value. Rucker asserts that loan committees are composed of directors, not officers[1]; thus, the claim regarding his role in the approval of the nine transactions arise from his position as a director, not an officer. As such, Rucker asserts that he cannot be held liable for ordinary negligence pursuant to Fla. Stat. § 607.0831.

The Court agrees that Rucker is entitled to the protection of Fla. Stat. § 607.0831 for actions taken in his capacity as a director; however, plaintiff alleges that Rucker was negligent in the execution of his duties as an officer of the bank. Contrary to Rucker's assertion (Doc. #16, p. 5), paragraphs 33 and 34 of the Complaint do not allege that the ELC was a director committee composed of only directors. Because the Court is required to accept the factual allegations in the complaint as true, the Court is unable to determine the capacity in which Rucker was acting when he approved the loan transactions in a motion to dismiss. See FDIC v. Florescue, No. 8:12-cv-2547-T-30TBM, 2013 WL 2477246,

---

[1] Rucker cites to the instructions the Office of the Comptroller of the Currency (OCC) requires banks to follow in drafting bylaws. Rucker, however, concedes that Hillcrest was not bound by the OCC bylaws because the bank was state-chartered. Rucker has not identified the bylaws used by Hillcrest.

7

at *5-6 (M.D. Fla. June 10, 2013) (holding that defendant was "not entitled to the protection of § 607.0831 as far as the claim for ordinary negligence arises in his officer capacity"). Accordingly, Rucker's motion to dismiss Count I is denied.[2]

### IV.

The FIRREA provides that a director or officer of an insured depository institution may be held personally liable for monetary damages in a civil action brought by the FDIC, if acting as a conservator or receiver for the institution, "for gross negligence, including any similar conduct or conduct that demonstrates a greater disregard of a duty of care (than gross negligence) including intentional tortious conduct, as such terms are defined and determined under applicable State law." 12 U.S.C. § 1821(k).

Defendants assert that the allegations of joint and several liability should be stricken from the Complaint because the FIRREA

---

[2] Bayer, Blitt, and Fingersh assert that they should be dismissed from Count I to the extent that plaintiff is attempting to hold them jointly and severally liable for the alleged negligence of Rucker because they were acting as directors. In response, plaintiff states that it is not attempting to hold them liable for the transactions Rucker approved in a negligent manner. Count I, however, states that "each Defendant is jointly and severally liable for all compensatory and other damages in connection with the Transactions he approved." (Doc. #1, ¶ 74.) Due to the confusion caused by the reference to joint and several liability in Count I, the Court will strike the last full sentence of paragraph 74 from the Complaint.

does not impose joint and several liability and the doctrine has been abolished in Florida. The FIRREA contains no direction as to whether the FDIC may impose joint and several liability against persons responsible for a bank's loss. See FDIC v. Clark, 978 F.2d 1541, 1551 (10th Cir. 1992); FDIC v. Benjes, 815 F. Supp. 1415, 1419 (D. Kan. 1993). The Court must therefore turn to the applicable state law to determine if joint and several liability is available.

In Florida, the apportionment of damages is governed by Fla. Stat. § 768.81. Section 768.81(3) provides that "[i]n a negligence action, the court shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of joint and several liability." Fla. Stat. § 768.81(3). Joint and several liability for economic damages was abolished by the Florida Legislature in 2006. See Wal-Mart Stores, Inc. v. Strachan, 82 So. 3d 1052, 1053 (Fla. 4th DCA 2011) (the 2006 amendments to § 768.81 abolished joint and several liability for economic damages in Florida). Plaintiff argues that joint and several liability still exists where the defendants act in concert. Plaintiff's argument, however, is without merit because the cases it relies on predate the 2006 amendments to § 768.81. Because joint and several liability was abolished by the 2006 amendments to Fla. Stat. § 768.81(3), paragraph 91 of the Complaint will be stricken.

9

Accordingly, it is now

**ORDERED:**

1.  Defendants Joel Bayer, Irwin Blitt, and Jack Fingersh's Motion to Dismiss Plaintiff's Joint and Several Liability Claims (Doc. #18) is **GRANTED in part**.  The last full sentence of paragraph 74, and all of paragraph 91 are **stricken** from the Complaint.  The motion is otherwise denied.

2.  Defendant Ronald R. Rucker's Motion to Dismiss (Doc. #16) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __27th__ day of June, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record