UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for
Hillcrest Bank Florida,

    Plaintiff,

v.                                    Case No: 2:13-cv-752-FtM-29DNF

JOEL S. BAYER, IRWIN J.
BLITT, JACK N. FINGERSH, and
RONALD R. RUCKER,

    Defendants.

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Reconsideration of June 27, 2014 Opinion and Order and Alternative Motion for Certification of Interlocutory Appeal (Doc. #80) filed on July 25, 2014. Defendants filed a Joint Opposition to Plaintiff's Motion for Reconsideration and Alternative Request for Certification of Interlocutory Appeal (Doc. #86) on August 15, 2014.

**I.**

The FDIC, as the receiver for Hillcrest Bank Florida, filed a two-count Complaint against defendants on October 22, 2013, seeking compensatory and consequential damages caused by defendants' negligence and gross negligence in approving nine loan transactions. On June 27, 2014, the Court entered an Opinion and

Order striking the last full sentence of paragraph 74 and all of paragraph 91 from the Complaint because "[j]oint and several liability for economic damages was abolished by the Florida Legislature in 2006." (Doc. #78, p. 9.)

Plaintiff now asks that the Court reconsider its Opinion and Order striking the allegations of joint and several liability because it believes joint and several liability remains viable in cases, like the one at hand, involving an indivisible injury. In the alternative, plaintiff asks the Court to certify a question of law to the Eleventh Circuit pursuant to 12 U.S.C. § 1292(b).

**II.**

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. American Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003) (citing Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). Courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; [and] (3) the need to correct clear error or prevent manifest injustice." Sussman v. Salem, Saxon & Nielsen, P.A., 153

F.R.D. 689, 694 (M.D. Fla. 1994).  Unless the movant's arguments fall into one of these categories, the motion must be denied.

The motion to reconsider must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision.  Taylor Woodrow, 814 F. Supp. at 1073; PaineWebber, 902 F. Supp. at 1521.  "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." Taylor Woodrow, 814 F. Supp. at 1072-73.

A motion for reconsideration does not provide an opportunity to simply reargue-or argue for the first time-an issue the Court has once determined.  Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure."  Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988).  "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration."  Mannings v. Sch. Bd. of Hillsborough Cnty., 149 F.R.D. 235, 235 (M.D. Fla. 1993).

**III.**

Plaintiff requests reconsideration because it believes that the Court committed clear error by striking the allegations of joint and several liability.  The Court grants reconsideration, but after such reconsideration reaches the same conclusion.

In Florida, the apportionment of damages is governed by Fla. Stat. § 768.81. Section 768.81(3) provides that "[i]n a negligence action, the court shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of joint and several liability." Fla. Stat. § 768.81(3). By amending Fla. Stat. § 768.81 in 2006, the Florida Legislature has mandated that courts "shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability." Williams v. Davis, 974 So. 2d 1052, 1061 n.10 (Fla. 2007). See also Wal-Mart Stores, Inc. v. Strachan, 82 So. 3d 1052, 1053 (Fla. 4th DCA 2011) (the 2006 amendments to § 768.81 abolished joint and several liability for economic damages in Florida); Hennis v. City Tropics Bistro, Inc., 1 So. 3d 1152, 1154 (Fla. 5th DCA 2009); Tampa Bay Water v. HDR Eng'g, Inc, 731 F.3d 1171, 1178 (11th Cir. 2013) ("Florida's comparative negligence law renders a party liable *only* for the share of total damages proportional to its fault.") (emphasis added).

Plaintiff argues that FDIC v. Castro, Case No. 9:13-cv-80596-DMM (S.D. Fla. Mar. 31, 2014), reflects the continuing viability of joint and several liability in a case such as this. The Court disagrees. In Castro, the court denied the defendants' motion to dismiss the allegations of joint and several liability without

referring to Fla. Stat. § 768.81 or any relevant case law. Id. The Court therefore finds Castro to be unpersuasive.

Plaintiff also argues that the 2006 amendment to Fla. Stat. § 768.81 did not abolish joint and several liability under the indivisible injury rule; therefore, it should be permitted to rely on this theory because the alleged injury is indivisible. Plaintiff's reliance on the indivisible injury rule, however, is misplaced.

The indivisible injury rule applies to negligence actions "when a person is injured by the wrongful act of one tortfeasor and that injury is subsequently aggravated by the wrongful act of another tortfeasor." Univ. of Miami v. Francois, 76 So. 3d 360, 364 (Fla. 3d DCA 2011). In Gross v. Lyons, 763 So. 3d 276 (Fla. 2000), the Supreme Court of Florida concluded that "where the plaintiff sues the first of two successive tortfeasors and establishes liability, but the jury cannot apportion the injury between the two after both parties have had the opportunity to present evidence on the issue, the first tortfeasor will be liable for the entire injury." 763 So. 3d at 279. Stated differently, "a tortfeasor is liable for the 'entire unapportionable injuries' sustained by a plaintiff, even if those injuries were heightened by prior [or subsequent] incidents for which the defendant cannot be held liable." Myers v. Central Fla. Invs., Inc., 592 F.3d 1201, 1214 (11th Cir. 2010) (quoting Gross, 763 So. 3d at 279).

"This is true although the original tortfeasor and the subsequently negligent [tortfeasor] are independent tortfeasors and not jointly and severally liable for one common injury." Francois, 76 So. 3d at 365.

In this matter, plaintiff has failed to allege an indivisible injury caused by successive tortfeasors. Instead, plaintiff alleges that defendants' concerted actions caused the alleged harm. Furthermore, plaintiff "knows precisely which of the Defendants are responsible for approving which Transactions and, therefore, which Defendants caused which damages." (Doc. #1-1; Doc. #59, p. 5.) Because plaintiff has failed to allege that its injuries were heightened by successive tortfeasors, the Court finds the indivisible injury rule to be inapplicable. See Froats v. Baron, 883 So. 2d 885, 887 (Fla. 5th DCA 2004) ("a plaintiff who is injured in two successive accidents may bring one suit where the accidents cause the same or similar injuries and it is difficult or impossible to apportion the injuries between the two tortfeasors.").

**IV.**

Plaintiff asks the Court to certify the following question to the Eleventh Circuit: "whether the indivisible injury rule as applied by the FDIC-R survived the 2006 amendments to § 768.81." (Doc. #80, p. 8.) Because the indivisible injury is inapplicable to the facts alleged in the Complaint, and the case fails to

satisfy the standard for an interlocutory appeal set forth in 28 U.S.C. § 1292(b), the Court declines certification.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion for Reconsideration of June 27, 2014 Opinion and Order and Alternative Motion for Certification of Interlocutory Appeal (Doc. #80) is **GRANTED** as to the request for reconsideration.  Having reconsidered the matter, the Court reaches the same conclusions as set forth in the Opinion and Order filed on June 27, 2014 (Doc. #78).  The motion is otherwise **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___19th___ day of September, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE


Copies:

Counsel of Record