```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

FEDERAL   DEPOSIT   INSURANCE
CORPORATION, as Receiver for
Hillcrest Bank Florida,

            Plaintiff,

v.                                   Case No:  2:13-cv-752-FtM-29DNF

JOEL   S.   BAYER,   IRWIN   J.
BLITT, JACK N. FINGERSH, and
RONALD R. RUCKER,

            Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion to Strike Affirmative Defenses (Doc. #62) filed on April 24, 2014. Defendants filed a Joint Opposition to Plaintiff's Motion to Strike (Doc. #70) on May 22, 2014.  Plaintiff, with leave of the Court, filed a Reply (Doc. #75) on June 11, 2014.

**I.**

The Federal Deposit Insurance Corporation (FDIC-R or plaintiff) filed this lawsuit in its capacity as receiver for Hillcrest Bank Florida, Naples, Florida (Hillcrest Bank) to recover damages caused by defendants' negligence and gross negligence in approving nine loan transactions. Plaintiff's two-count Complaint (Doc. #1) asserts a claim for negligence under Florida law against Hillcrest's former President, Chief Executive

Officer and Director Ronald L. Rucker (Rucker) (Count I), and a claim for gross negligence under the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA), 12 U.S.C. § 1821(k), against Rucker and three other directors, Joel L. Bayer (Bayer), Irwin J. Blitt (Blitt), and Jack N. Fingersh (Fingersh) (Count II). Plaintiff's claims are premised on defendants' failure to adhere to safe banking practices in approving nine speculative and high risk commercial real estate transactions between August 17, 2006, and June 11, 2008.

Rucker filed an Amended Answer and Affirmative Defenses on April 2, 2014 (Doc. #57) and a Second Amended Answer and Affirmative Defenses (Doc. #79) on June 30, 2014. Bayer, Blitt, and Fingersh filed a Second Amended Answer and Affirmative Defenses on April 3, 2014 (Doc. #58). Each set of affirmative defenses contain seventeen affirmative defenses. Plaintiff now seeks to strike ten of defendants' affirmative defenses. (Doc. #62.)

**II.**

The Court rejects defendants' initial argument that plaintiff's motion to strike is untimely. Federal Rule of Civil Procedure 12(f)(2) requires that, absent leave of court, a motion to strike must be filed within twenty-one days of service of the pleading. Defendants assert that because the plaintiff did not move to strike their original Answer and Affirmative Defenses (Docs. ## 15, 17) filed January 3, 2014, and January 6, 2014,

respectively, or their Amended Answer and Affirmative Defenses (Docs. ## 26, 27) filed on January 23, 2014, they are foreclosed from seeking to strike the same affirmative defenses which have been repeated in their current pleading. The Court disagrees.

Generally, an amended pleading supersedes a prior pleading, which is deemed abandoned. Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011); Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007)(amended pleading "supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary."); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007).  The Affirmative Defenses which are challenged by plaintiff are those set forth in defendants' April, 2014 pleadings. The motion to strike was filed within 21 days of those pleadings, and are therefore timely. E.g., Gardner v. Aloha Ins. Servs., 566 F. App'x 903, 906 (11th Cir. 2014). Even if untimely, the Court would exercise its discretion and review the merits of the motion.

### III.

Under Federal Rule of Civil Procedure 12(f), "the Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his

3

case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999). Affirmative defenses must follow the general pleading requirements contained in Rule 8 of the Federal Rules of Civil Procedure. A party must "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). As with any pleading, an affirmative defense must provide "fair notice" of the nature of the defense and the grounds upon which it rests, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and state a plausible defense. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, "[w]hile an answer need not include a detailed statement of the applicable defenses, a defendant must do more than make conclusory allegations. If the affirmative defense comprises no more than bare bones conclusory allegations, it must be stricken." Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 684 (M.D. Fla. 2002) (footnote omitted) (internal quotation marks omitted).

With these principles in mind, the Court examines the affirmative defenses which plaintiff seeks to strike.

**A. First Affirmative Defense**

Defendants' First Affirmative Defense[1] states "[t]he FDIC fails to state a claim upon which relief can be granted." (Doc.

---

[1]Although the affirmative defenses asserted by defendants Bayer, Blitt, and Fingersh are not enumerated in the Second Amended

4

#57, p. 6; Doc. #58, p. 7.)  Plaintiff alleges this defense should be stricken because it is conclusory and fails to allege sufficient facts to put FDIC-R on notice of the nature of the defense.  (Doc. #62, p. 20.)  The Court agrees.  While failure to state a claim is certainly an affirmative defense, see Fed. R. Civ. P. 12(b)(6), this affirmative defense is insufficiently pled because it gives neither the opposing party nor the Court any idea of the factual or legal basis for the conclusory assertion.  The First Affirmative Defense is stricken without prejudice.

**B.  Eighth Affirmative Defense**

The Eighth Affirmative Defense alleges that defendants "reasonably relied on bank examiners and regulators including, but not limited to favorable reports on examination."  (Doc. #57, p. 6; Doc. #58, p. 7.)  In the context of this case, an assertion of reasonable reliance is essentially simply a denial of negligent conduct on the part of defendants.  The Eighth Affirmative Defense is stricken without prejudice.

**C.  Ninth Affirmative Defense (Thirteenth Affirmative Defense)**

The Ninth Affirmative Defense of defendant Rucker and the Thirteenth Affirmative Defense of the other defendants assert that "all or part of Plaintiff's alleged damages herein were caused by

---

Answer (Doc. #58), the Court will use the numeration referenced in plaintiff's motion.  (Doc. #62, pp. 1-2.)

5

the negligence of non-parties, third parties, or persons over whom the Defendant(s) had no dominion or control. . . ." Defendants further "assert[] the defenses and privileges set forth in § 768.81(3), Florida Statutes, and Fabre v. Martin, 623 So. 2d 1182 (Fla. 1993), with respect to apportionment of fault principles." (Doc. #57, pp. 7-8; Doc. #58, pp. 8-9.)

Florida's comparative negligence law renders a party liable only for the share of total damages proportional to its fault. The Supreme Court of Florida has held that the comparative fault statute, Fla. Stat. § 768.81, permits a defendant in a negligence action to seek apportionment of a plaintiff's damages among nonparties based on percentage of fault. Fabre v. Marin, 623 So. 2d 1182, 1185 (Fla. 1993); Nash v. Wells Fargo Guard Servs., 678 So. 2d 1262, 1263 (Fla. 1996). Florida law requires defendants to plead fault of a nonparty as an affirmative defense in order to allocate such fault to the nonparty. Fla. Stat. § 768.81(3)(a)(1). The Court finds this affirmative defense is properly pled under Florida law as to Count I, and the motion to strike is denied as to these affirmative defenses.

**D. Tenth Affirmative Defense**

Defendants' Tenth Affirmative Defense states in its entirety that "[t]he FDIC ratified defendant[s'] actions." (Doc. #57, p. 8; Doc. #58, p. 8.) FDIC-R asserts that this defense requires specific facts to put the FDIC-R on notice of what the FDIC did to

6

ratify defendants' actions. The Court agrees. Ratification is an intentional act which requires defendants to demonstrate that plaintiffs accepted the benefits of defendants' act, had full knowledge of material facts, and made an affirmative election showing their intention to adopt the unauthorized conduct. <u>Irvine v. Cargill Investor Servs., Inc.</u>, 799 F.2d 1461, 1464 (11th Cir. 1986). As pled, there is no way for the FDIC-R to identify what actions it is alleged to have taken to ratify defendants' conduct. Therefore, defendants' Tenth Affirmative Defense is stricken without prejudice.

**E. Eleventh Affirmative Defense**

Defendants' Eleventh Affirmative Defense alleges the FDIC-R injuries were caused by the "catastrophic financial crisis[.]" (Doc. #57, p. 8; Doc. #58, p. 8.) This alternative theory for the cause of plaintiff's injuries is simply a denial of liability, not an affirmative defense. The Eleventh Affirmative Defense is stricken without prejudice.

**F. Twelfth Affirmative Defense**

The Twelfth Affirmative Defense alleges that FDIC approved the loans at issue, and therefore FDIC is equally at fault and liable *in pari delicto* with defendants. (Doc. #57, p. 8; Doc. #58, p. 8.)

> The in pari delicto defense may be applied to
> bar recovery under a federal statute only
> where (1) the plaintiff bears at least

7

> substantially equal responsibility for the violations he seeks to redress, and (2) preclusion of the suit would not substantially interfere with the statute's policy goals. [ ] The first prong of this test captures the essential elements of the classic in pari delicto doctrine. [ ] The second "embodies the doctrine's traditional requirement that public policy implications be carefully considered before the defense is allowed" and "ensures that the broad judge-made law does not undermine the congressional policy favoring private suits as an important mode of enforcing federal . . . statutes.

<u>Lamonica v. Safe Hurricane Shutters, Inc.</u>, 711 F.3d 1299, 1308 (11th Cir. 2013) (internal citations omitted) (alteration in original). <u>See</u> <u>also</u> <u>Bailey v. TitleMax of Ga., Inc.</u>, No. 14-11747, ___ F.3d ___, 2015 WL 178346 (11th Cir. Jan. 15, 2015). Assuming this is a valid affirmative defense against the FDIC, it fails to plead the second prong. The Twelfth Affirmative Defense is stricken without prejudice.

## G. Thirteenth Affirmative Defense

The Thirteenth Affirmative Defense asserts that the claims are "barred by [FDIC's] comparative and contributory negligence pre-receivership and post-receivership." (Doc. #57, p. 8; Doc. #58, p. 8.) Assuming for the moment that this is a valid affirmative defense, nothing set forth in this defense gives FDIC fair notice of the factual grounds upon which it rests. The Thirteenth Affirmative Defense is stricken without prejudice.

**H. Fourteenth Affirmative Defense**

Defendants' Fourteenth Affirmative Defense states "[t]he FDIC's claims are barred by the doctrine of estoppel because the FDIC consented to, approved, ratified, and authorized the conduct of defendants." (Doc. #57, p. 8; Doc. #58, p. 9.) FDIC-R asserts that this affirmative defense requires specific facts to place it on notice of what it did to consent, approve, ratify or authorize defendants' conduct.   The Court agrees.   Estoppel would not necessarily be established by the allegations in this defense. Irvine, 799 F.2d at 1463.   Defendants' Fourteenth Affirmative Defense is stricken without prejudice.

**I. Sixteenth Affirmative Defense**

Defendants' Sixteenth Affirmative Defense states "[t]he FDIC's Complaint is barred by the statute of limitations, statute of repose, and by the doctrine of laches." (Doc. #57, p. 9; Doc. #58, p. 9.)  The Court finds that the statute of limitations and statute of repose portions of this affirmative defense, although stated in general terms, give the FDIC-R sufficient notice of the nature of the defense.  Muschong v. Millennium Physician Grp., LLC, No. 2:13-CV-705-FTM-38CM, 2014 WL 1268574, at *2 (M.D. Fla. Mar. 27, 2014).  Laches is different, and requires some basic factual allegations.  The equitable doctrine of laches "prevents a plaintiff who has slept on his rights from enforcing those rights against a defendant." Peter Letterese & Assocs., Inc. v. World

Inst. of Scientology Enters., 533 F.3d 1287, 1319 (11th Cir. 2008). Laches may apply, "when an unreasonable delay results in prejudice to the rights of the party against whom enforcement of a debt or other obligation is sought." Briggs v. Estate of Geelhoed, 543 So. 2d 332, 333 (Fla. 4th DCA 1989). Without more factual allegations, there is no plausible basis set forth for a laches defense. Therefore defendants' Sixteenth Affirmative Defense is stricken as to the laches component, without prejudice, and is otherwise sufficient.

**J. Seventeenth Affirmative Defense**

Defendants' Seventeenth Affirmative Defense alleges any losses or damage suffered by the FDIC-R is the result of the "collapse of the U.S. economy and the Florida real estate market," along with certain conduct of the FDIC. (Doc. #57, p. 9; Doc. #58, p. 9.) As with the Eleventh Affirmative Defense, this is not an affirmative defense but merely challenges to the *prima facie* case. The Court Seventeenth Affirmative Defense is stricken without prejudice.

The FDIC-R also alleges that defendants' Eighth, Ninth, Tenth, Twelfth, Thirteenth, Fourteenth, and Seventeenth Affirmative Defenses should be stricken because (1) the FDIC operates in two legally distinct capacities, (2) bank examiners and regulators owe defendants no duty, and (3) the Federal Tort Claims Act (FTCA) bars affirmative defenses that are based on the

FDIC's discretionary actions. (Doc. #62, pp. 5-18.) Defendants dispute these propositions, and both parties rely on the Eleventh Circuit case <u>FDIC v. Skow</u>, 741 F.3d 1342, 1347 (11th Cir. 2013). Because the affirmative defenses are currently deficient for other reasons, the court need not resolve this dispute.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Strike Affirmative Defenses (Doc. #62) is **GRANTED IN PART AND DENIED IN PART** as set forth above. Defendants may file amended affirmative defenses within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___18th___ day of February, 2015.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record